Ron C. Finley, Esq. (Cal. Bar. No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar. No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar. No. 209622)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email:  rfinley@beckross.com
        abismonte@beckross.com
        chansen@beckross.com

Mark E. Zeller, Esq. (Cal. Bar. No. 219427)
Law Offices of Mark Edward Zeller
2255 Contra Costa Blvd., Suite 304
Pleasant Hill, CA 94523
Tel: (925) 363-5848
Fax: (925) 363-7454
Email: mzeller@mezlaw.com

Attorneys for Plaintiffs Richard A. Noble and Charlene R. Noble

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. NOBLE, and CHARLENE R. NOBLE,<br><br>            Plaintiffs,<br>    vs.<br><br>KIEWIT PACIFIC CO., a Delaware corporation; LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation; PETER KIEWIT SONS', INC. HEALTH AND WELFARE PLAN; PETER KIEWIT SONS', INC., a Delaware corporation; JOHN JANSEN, an individual; MICHAEL PHELPS, an individual; and JANE SEWELL, an individual<br><br>            Defendants. | Case No.  C08-00-666-SI<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF:**<br><br>**(1) MOTION TO SHORTEN TIME TO HEAR MOTION FOR EXPEDITED DEPOSITION OF RICHARD NOBLE;**<br><br>**(2) MOTION FOR EXPEDITED DEPOSITION OF RICHARD NOBLE.**<br><br>DATE:    TBD<br>TIME:    TBD<br>PLACE:   Courtroom 10, 19th Floor<br><br>Hon. Susan Illston |

MPA re Motion to Shorten time and for
Expedited Deposition of Richard Noble

**Introduction**

Plaintiff Richard Noble is dying of cancer and must have his deposition taken right away. In December 2007, he was briefly hospitalized for illness-related symptoms, and later released under Hospice care. His oncologist, Dr. Lesley Martin, describes his condition as "terminal and deteriorating." She notes that as his "condition deteriorates, he will experience more pain which will require increased levels of pain medications. And while those medications may ease his pain, they will impair his level of coherence."

Due to these dire circumstances, plaintiffs ask the court to permit an expedited deposition of Mr. Noble under FCP 26(d) and to shorten the time for that motion to be heard under Civil Local Rule 6-3. Plaintiffs have asked defendants to stipulate to these matters, but have been unable to secure their agreement. Accordingly, plaintiffs ask the court to hear this matter as soon as possible and to set an expedited briefing schedule. Richard Noble does not have the strength for a full day deposition. Accordingly, plaintiffs ask the court to set a deposition of Mr. Noble to be conducted on two half-day sessions on either February 14 and 15, February 20 and 21, or February 21 and 22.

This memorandum shall serve as plaintiffs' initial moving papers for both motions and will be served on all parties the day that these papers are filed. Plaintiffs have made no prior requests to shorten time for a hearing or for expedited discovery.

**Background**

On January 28, 2008, plaintiffs Richard Noble and Charlene Noble filed this action for wrongful termination and denial of employment benefits, including life insurance benefits, under ERISA, FEHA, and common law.

The defendants to this action include Mr. Noble's former employer Kiewit Pacific Co.; Kiewit employees John Jansen, Michael Phelps, and Jane Sewell; the plan administrator, Peter Kiewit Sons', Inc.; and the plan itself, Peter Kiewit Sons', Inc. Health and Welfare Plan. These defendants (collectively "Kiewit") are represented by Kari Erickson Levine of Seyfarth Shaw, LLP.

Plaintiffs also named the life insurance company for the subject plan, Life Insurance Company of North America ("LINA"). LINA is represented by Adrienne Publicover of Wilson Elser Moskowitz Edelmann & Dicker LLP.

MPA re Motion to Shorten time and for Expedited Deposition of Richard Noble     1

**Meet and Confer Efforts**

**Discussions with Kiewit**

On January 31, 2008, plaintiffs contacted Kiewit's in-house counsel, Glenn Summers, and asked that he agree to an expedited deposition of Richard Noble. Summers directed plaintiffs to Kiewit's outside counsel, Kari Levine.[1]

Later that day, plaintiffs contacted Levine, explained Mr. Noble's deteriorating health status, and asked her to stipulate to an expedited deposition. Levine responded that she would get back to plaintiffs the following week and asked for "medical documentation" concerning plaintiffs "current health status and prognosis."[2]

On February 5, 2008, Levine wrote to plaintiffs advising that she had "out of state" depositions that prevented her from participating at Mr. Noble's deposition before February 29, 2008 (i.e., over three weeks later).[3]

On February 7, 2008, plaintiffs provided Levine with a declaration from Mr. Noble's oncologist, Dr. Lesley Martin, advising that Mr. Noble's condition is "fatal and deteriorating" and cautioning that "if Mr. Noble is expected to remain lucid for his deposition, [she] would strongly recommend that such a deposition take place in the next one to two weeks."[4] Plaintiffs urged Levine to cooperate in coordinating an expedited deposition within that time frame and asked for her response by close of business on February 8, 2008.[5]

Plaintiffs did not receive the requested response from Levine.[6]

**Discussions with LINA**

On February 1, 2008, plaintiffs contacted Kathleen K. Tice, an attorney at the CIGNA Member Claims Litigation Unit[7] to coordinate service of process and to request that LINA agree to an expedited deposition of Mr. Noble. Tice advised that she would accept service for LINA and would

---

[1] (Hansen Decl., ¶ 1, Ex. A).
[2] *Id.*, ¶ 2
[3] *Id.*, ¶ 3
[4] *Id.*, ¶ 4; (Martin Decl., ¶¶ 4-6)(emphasis added).
[5] (Hansen Decl., ¶ 5).
[6] *Id.*
[7] LINA is a subsidiary of CIGNA.

MPA re Motion to Shorten time and for
Expedited Deposition of Richard Noble

2

1 communicate plaintiffs' request to LINA's outside counsel.[8]

2 On February 7, 2008, after hearing nothing more from Tice or LINA's outside counsel, plaintiffs forwarded Tice a copy of Dr. Martin's declaration and again asked her to stipulate to an expedited deposition.[9]

The following morning, on February 8, 2008, plaintiffs were contacted by LINA's outside counsel, Adrienne Publicover. Publicover indicated that she did not have strong feelings one way or the other about Mr. Noble's deposition and doubted whether LINA would participate. Plaintiffs asked Publicover to advise by the end of the day whether, in any event, LINA would stipulate to an expedited deposition of Mr. Noble. Publicover agreed to communicate that request to LINA. Since then, plaintiffs have heard nothing more from Publicover or LINA.[10]

**Argument**

Under the Federal Rules, depositions are typically postponed until after the initial "conference of the parties" under FRCP 26(f). But under FRCP 26(d)(2), the court, on motion, may allow expedited discovery "in the interests of justice." And the court may shorten the time to hear such a motion under Civil Local Rule 6-3.

This court recently held that expedited discovery may be permitted for "good cause":

> Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.[11]

In the present case, "good cause" exists for an early deposition of Richard Noble and to shorten time to hear plaintiffs' motion. This case centers on Mr. Noble's termination from Kiewit and the denial of his life insurance benefits. He is both a plaintiff to this action and a key witness. All parties to this case share a common interest in securing his testimony concerning the underlying events.

But Mr. Noble is dying. According to his oncologist, Dr. Martin, he has advanced metastatic carcinoid cancer "which has spread throughout his body." His "condition is terminal and deteriorating." As time passes, his pain and medications will increase and his level of coherency will

---

[8] (Hansen Decl., ¶ 7)(Exs. B and C).
[9] *Id.*, ¶ 8.
[10] *Id.*, ¶ 9.
[11] *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002).

MPA re Motion to Shorten time and for
Expedited Deposition of Richard Noble                3

be diminished. Accordingly, Dr. Martin strongly recommends that his "deposition should take place in the next one to two weeks."

LINA does not appear to oppose an expedited deposition within the next one to two weeks.

Kiewit's counsel, on the other hand, indicates that she is busy with other depositions until February 29, 2008. But by that time, Mr. Noble may be either dead or incapacitated. Under these circumstances, it is not unreasonable to require Kiewit's counsel to either rework her schedule or find another attorney at her firm to handle the deposition. Given that Kiewit is represented by a law firm boasting that it has "over 750 lawyers," that should not be a difficult task.[12]

**Conclusion**

There are times when busy schedules must give way to other pressing matters. This is one of them. Accordingly, plaintiffs respectfully ask this court to hear this matter on shortened time, and to ultimate set the deposition of Richard Noble for two half-days no later than February 22, 2008.

Dated: February 8, 2008

By: **/s/  Craig Alan Hansen**
Ron C. Finley
Alfredo A. Bismonte
Craig Alan Hansen
Beck, Ross, Bismonte & Finley, LLP
Fairmont Plaza
50 West San Fernando Street, Suite 1300
San Jose, CA  95113
Phone:  (408) 938-7900
Fax:  (408) 938-0790

Mark E. Zeller, Esq.
Law Offices of Mark Edward Zeller
2255 Contra Costa Blvd., Suite 304
Pleasant Hill, CA 94523
Tel: (925) 363-5848
Fax: (925) 363-7454

Attorneys for Plaintiffs
Richard A. Noble and Charlene R. Noble

---

[12] Per Seyfarth Shaw LLP website at http://www.seyfarth.com/ as of February 8, 2008.

MPA re Motion to Shorten time and for
Expedited Deposition of Richard Noble

4