1  SEYFARTH SHAW LLP
   Kari Erickson Levine (SBN 146101) klevine@seyfarth.com
2  Adrienne E. Nelson (SBN 209305) anelson@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   KIEWIT PACIFIC CO., PETER KIEWIT SONS', INC.
6  HEALTH AND WELFARE PLAN,
   PETER KIEWIT SONS', INC., JOHN JANSEN,
7  MICHAEL PHELPS and JANE SEWELL

8

9                    UNITED STATES DISTRICT COURT

10              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 RICHARD A. NOBLE and CHARLENE R.      )  Case No. 08-CV-00666-SI
   NOBLE,                                )
12                                        )  **DEFENDANTS' OPPOSITION TO
              Plaintiffs,                 )  PLAINTIFFS' MOTION FOR
13                                        )  EXPEDITED DEPOSITION OF
        v.                                )  RICHARD NOBLE**
14                                        )
   KIEWIT PACIFIC CO., a Delaware         )  Date:
15 corporation; LIFE INSURANCE COMPANY   )  Time:
   OF NORTH AMERICA, a Pennsylvania      )  Judge: Hon. Susan Illston
16 corporation; PETER KIEWIT SONS' INC.  )  Courtroom: 10, 19th Floor
   HEALTH AND WELFARE PLAN; PETER        )
17 KIEWIT SONS' INC., a Delaware corporation; )
   JOHN JANSEN, an individual; MICHAEL   )
18 PHELPS, an individual; and JANE SEWELL, )
   an individual,                        )
19                                        )
              Defendants.                 )
20 _____)

21      Defendants Kiewit Pacific Co., John Jansen, Michael Phelps and Jane Sewell

22 (collectively referred to as "Defendants") hereby oppose Plaintiffs' Motion to for Expedited

23 Deposition of Richard Noble on the grounds that Plaintiffs have not established that good cause

24 exists for the expedited discovery and on the grounds that such expedited discovery will

25 prejudice Defendants.

26

27

28

                                        1
   DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DEPOSITION OF RICHARD
                         NOBLE / Case No. C09-00666-SI

## I. ARGUMENT

### A. The "Good Cause" Standard Applies In Determining Whether The Situation Warrants Expedited Discovery.

According to Federal Rule of Civil Procedure, 26(d) and (f), "a party may not seek discovery from any source before the parties have met and conferred" to discuss the nature of the case, a discovery plan and to arrange to make the required early disclosures. See Fed. R. Civ. P. 26(d) and (f). Despite having only filed this action on January 28, 2008, and despite the Court having no opportunity to issue an initial scheduling order, Plaintiffs want the Court to force **Defendants** to take the deposition of their client, Plaintiff Richard Noble, within the next two weeks.

In the Ninth Circuit, discovery may commence before exchanging initial disclosures only if the Court finds "good cause." *Semitool, Inc. v. Tokyo Electron America*, 208 F.R.D. 273, 276 (N.D.Cal. 2002). "Good cause" means that the need for discovery outweighs any possible prejudice to the party from whom discovery is sought. *Id.*

In *Semitool*, a patent owner sought expedited discovery regarding a competitor's device which may have infringed on the patent. The Court granted the request, noting that allowing the plaintiff to obtain information through expedited discovery would ultimately "conserve party and court resources and expedite the litigation" because this information would allow Semitool to amend its compliant to include all alleged infringed upon patents, facilitating a more complete and informed Case Management Conference. *Semitool*, 208 F.R.D. at 276.

The Court further found good cause for permitting the plaintiff to obtain information through expedited discovery because Semitool sought only narrow categories of documents and physical inspection of the device. The Court specifically declined to extend expedited discovery to a prejudicial "free ranging deposition for which a representative of Defendants may not have had sufficient time or information with which to prepare." *Semitool*, 208 F.R.D. at 277.

### B. Plaintiffs Have Not Established Good Cause For This Deposition.

Here, instead of Plaintiffs seeking information to assist in developing their case, they have requested the Court order Defendants to take the key Plaintiff's deposition immediately,

without the benefit of any discovery and during a period in which the lead lawyer for Defendants is unavailable. Plaintiffs' request is unprecedented and unsupported by the law or the facts. It is unclear why Plaintiffs insist Defendants must take Mr. Noble's deposition at all, much less on an expedited schedule. Regardless of Plaintiffs' motivations, forcing Defendants to take Mr. Noble's deposition (one of the most important depositions in the case) before Defendants are adequately prepared to do so, requires a clear and undisputed showing of good cause.

Determining good cause requires balancing Plaintiffs' alleged need for their own client's expedited deposition and the prejudice Defendants will suffer by taking the deposition without allowing Defendants time or information with which to prepare. In e-mail communications to counsel for Defendants, submitted as exhibits to Plaintiffs' counsel's declaration, Plaintiffs contend that this discovery is urgently needed because Mr. Noble has only a month or two to live given his terminal cancer. However, this allegation conflicts with Plaintiffs' counsel's representations to defense counsel beginning in October 2007 and continuing as recently as January 7, 2008, that Mr. Noble was ready and able to return to work as Kiewit's HR manager. See Declaration of Kari Erickson Levine ("Levine Dec."), ¶¶ 5-17, and exhibits thereto, filed herewith. Plaintiffs' allegation also conflicts with the declaration of Mr. Noble's treating physician, in which the doctor does not provide any information regarding Mr. Noble's life expectancy. Levine Dec. ¶ 23. Mr. Noble's oncologist drifts far from her field of expertise when she recommends that the deposition be taken in the next 1-2 weeks. Her only support for this statement relates to Mr. Noble's level of pain and medications therefore. Defendants submit that there are numerous ways to deal with depositions in which medications may inhibit a deponent's ability to testify. This situation occurs frequently and most commonly, the deposition takes place in several short sessions. There are myriad possibilities which come far short of forcing Defendants to take the deposition without adequate preparation. As discussed below, there is simply no justification for an order forcing Defendants to take a premature deposition of the key witness in the action.

3

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DEPOSITION OF RICHARD NOBLE / Case No. C09-00666-SI

### C. Expediting This Deposition Would Severely Prejudice Defendants.

Plaintiffs ignore the prejudice to Defendants occasioned by forcing them to take Plaintiff Noble's deposition before they are prepared to do so. Plaintiffs' complaint references numerous documents that Defendants have not seen, and eludes to various provider records that must be produced and analyzed in advance of any depositions in the action. Defendants must obtain Plaintiffs' initial disclosures before the deposition. Defendants have not even responded to the First Amended Complaint, which they intend to move to dismiss under Federal Rule 12(b)(6). Simply stated, Defendants have not had sufficient time or received adequate documentation and information to prepare for Mr. Noble's deposition. Defendants differ significantly from the defendant in *Semitool* who could simply turn over existing documents and allow the physical inspection of a device in response to a "narrowly tailored" discovery request. *Semitool*, 208 F.R.D. at 277. The case at hand presents facts far more troubling than those in *Semitool*. Here, the Plaintiffs are attempting to strip Defendants of their defense by forcing their hand in making Defendants take Mr. Noble's deposition before they are prepared to do so. Nothing could be more prejudicial.

Further, in addition to the prejudice to Defendants of Mr. Noble's expedited deposition prior to Rule 26 disclosures, Defendants' counsel is unavailable during the time period in which Plaintiffs request the deposition be taken, a fact of which Plaintiffs' counsel was well aware before bringing the motion and has cavalierly proposed that counsel for Defendants should simply rearrange her schedule. Counsel for Defendants is taking depositions of numerous Plaintiffs out-of-state in an EEOC class action the weeks of February 11, February 18 and February 25. See Levine Dec., ¶ 26.

### D. Efficient Case Management Requires Denial Of Plaintiffs' Motion.

The purpose of granting any Motion for Expedited Discovery would be to further the efficient management of the litigation. Plaintiffs fail to demonstrate how Mr. Noble's testimony will enable the litigation to proceed more swiftly or efficiently. In fact, taking this deposition without adequate preparation and discovery in advance will inhibit orderly case management and prejudice Defendants.

4

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DEPOSITION OF RICHARD NOBLE / Case No. C09-00666-SI

## II. CONCLUSION

In order to obtain any expedited discovery, Plaintiffs must show good cause and establish that the request for expedited discovery furthers efficient case management. Given the prejudice to Defendants, the unavailability of Defense counsel, the lack of good cause or case management benefits occasioned by an expedited deposition of Plaintiff Noble, and Defendants' anticipated 12(b)(6) motion, Defendants request the Court deny Plaintiffs' Motion. Defendants are agreeable to working with counsel to schedule Mr. Noble's deposition as soon as possible, but not before necessary discovery is exchanged. Counsel for Plaintiff is in the best position to assure that the exchange of information (initial disclosures, documents and health care records) is expeditious. The scheduling should not require court intervention.

DATED: February 12, 2008               SEYFARTH SHAW LLP


                                       By /s/ Adrienne E. Nelson
                                       Adrienne E. Nelson
                                       Attorneys for Defendants and
                                       KIEWIT PACIFIC CO., PETER KIEWIT
                                       SONS', INC. HEALTH AND WELFARE
                                       PLAN, PETER KIEWIT SONS', INC.,
                                       JOHN JANSEN, MICHAEL PHELPS and
                                       JANE SEWELL