1   SEYFARTH SHAW LLP
    Kari Erickson Levine (SBN 146101) klevine@seyfarth.com
2   Adrienne E. Nelson (SBN 209305) anelson@seyfarth.com
    560 Mission Street, Suite 3100
3   San Francisco, California 94105
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5   Attorneys for Defendants
    KIEWIT PACIFIC CO., PETER KIEWIT SONS', INC.
6   HEALTH AND WELFARE PLAN,
    PETER KIEWIT SONS', INC, JOHN JANSEN,
7   MICHAEL PHELPS and JANE SEWELL

8

9                   UNITED STATES DISTRICT COURT

10          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  RICHARD A. NOBLE and CHARLENE R.     )   Case No. 08-CV-00666-SI
    NOBLE,                               )
12                                       )   **DEFENDANTS' OPPOSITION TO**
                 Plaintiffs,             )   **PLAINTIFF'S MOTION TO SHORTEN**
13                                       )   **TIME TO HEAR MOTION FOR**
           v.                            )   **EXPEDITED DEPOSITION OF**
14                                       )   **RICHARD NOBLE**
    KIEWIT PACIFIC CO., a Delaware       )
15  corporation; LIFE INSURANCE COMPANY  )   Date:
    OF NORTH AMERICA, a Pennsylvania     )   Time:
16  corporation; PETER KIEWIT SONS' INC. )   Judge: Hon. Susan Illston
    HEALTH AND WELFARE PLAN; PETER       )   Courtroom: 10, 19th Floor
17  KIEWIT SONS' INC., a Delaware corporation; )
    JOHN JANSEN, an individual; MICHAEL  )
18  PHELPS, an individual; and JANE SEWELL, )
    an individual,                       )
19                                       )
                 Defendants.             )
20  _____)

21        Pursuant to Northern District Civil Local Rule 6-3(c), Defendants KIEWIT PACIFIC

22  CO., PETER KIEWIT SONS', INC. HEALTH AND WELFARE PLAN, PETER KIEWIT

23  SONS', INC, JOHN JANSEN, MICHAEL PHELPS and JANE SEWELL ("Defendants") hereby

24  oppose Plaintiffs RICHARD A. NOBLE's and CHARLENE R. NOBLE's Motion to Shorten

25  Time to Hear Motion for Expedited Deposition of Richard Noble.

26

27

28

                                        1
─────────────────────────────────────────────────────────────────────
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR MOTION FOR
EXPEDITED DEPOSITION OF RICHARD NOBLE / Case No. C09-00666-SI

**A.      Plaintiffs' fail to show good cause for shortened time.**

Northern District of California Local Rule 7-2(a) provides that a hearing on a written motion must be set at least thirty-five days after service of the notice.  The Court may order that the time be shortened for notice of a motion only when good cause is shown.  *United States v. Fitch*, 472 F.2d 548, 549, n. 5 (9th Cir. 1973).  While there are many legitimate reasons for asking the Court to hear a motion on shortened time (for example, when a dispute arises after the 35-day notice period), Plaintiffs in this case have not set forth a legitimate reason and fail to show good cause to shorten time to hear Plaintiffs' motion to expedite Plaintiff Richard Noble's deposition.  As discussed in detail in Defendants' opposition to Plaintiffs' underlying motion, Plaintiffs have provided no evidence warranting the Court's issuance of an order on shortened time forcing Defendants to take Mr. Noble's deposition.  Plaintiffs must demonstrate <u>substantial harm or prejudice</u>.  N.D. Local Rule 6-3(a)(3)(emphasis added).  A declaration from a doctor indicating that Plaintiffs deposition "should be taken as soon as possible"  does not justify an expedited motion forcing Defendants to take Plaintiff's deposition without preparation and during a time period in which counsel for Defendants is unavailable.

**B.      Plaintiffs' fail to meet and confer in good faith as required by Local Rules 6-3(a) and 37-1(a).**

Local Rule 6-3(a) requires Plaintiffs describe their efforts to obtain a stipulation to shorten time to hear the motion, which references the meet and confer requirements set forth in Local Rule 37-1(a).  Plaintiffs' counsel fails to show he engaged in a ***good faith*** effort to meet and confer.

Plaintiffs correctly recite that, on January 31, 2008, three days after filing their Complaint, they notified Kiewit's in-house counsel of their concerns regarding Mr. Noble's health.  Declaration of Kari Erickson in Support of Defendants' Opposition to Expedited Motion and Motion for Expedited Deposition, filed herewith ("Levine Dec.") ¶ 21.  Kiewit's in-house counsel told Plaintiffs' counsel to contact Defense counsel who they had retained to represent them.  Plaintiffs' counsel emailed Defense counsel and requested that Defense counsel call him by the close of business the next day, February 1, 2008 or they would petition the Court for an

1  expedited deposition as early as the following week (February 4, 2008). This was Plaintiffs'

2  counsel's first unreasonable 24 hour threat.

3       Surprised at the news of Mr. Noble's severe illness, since just weeks before Plaintiffs'

4  counsel indicated Mr. Noble was ready to return to work, on February 1, 2008 as demanded,

5  Defense counsel contacted Plaintiffs' counsel the next day and requested medical documentation

6  of Mr. Noble's current prognosis and life expectancy to support Plaintiffs' counsel's

7  representation that Mr. Noble had only a month or two to live. Levine Dec. ¶ 22. Despite

8  demanding 24 hour responses from counsel for Defendants, and despite the pressing need

9  alleged, Plaintiffs' counsel did not respond for six days. After several days had passed with no

10  word from Plaintiffs' counsel, Defense counsel reminded Plaintiffs' counsel regarding the need

11  for medical documentation. It was not until after 3:00 p.m. on February 7, 2008, that counsel

12  emailed the declaration of Mr. Noble's oncologist. Levine Dec. ¶ 23. Along with the doctor's

13  declaration, Plaintiffs' counsel made his second *unreasonable 24 hour demand*. Despite his

14  having taken six days to respond to Defense counsel, Plaintiffs' counsel demanded within 24

15  hours a stipulation that Mr. Noble's deposition would be taken *on dates which Defense counsel*

16  *had previously advised she was out-of-state and unavailable*. Without so much as a phone call

17  to discuss the issue, Plaintiffs filed the instant motion. Levine Dec. ¶ 24. This is hardly a "good

18  faith" meet and confer attempt.

19       Although Plaintiffs' counsel never did attempt to discuss the issue before filing the

20  motion, given that Mr. Noble's doctor's declaration does not support counsel's representation

21  that Mr. Noble has a month or two to live, and given the extreme prejudice to the Defendants

22  which would be occasioned by an expedited deposition before any discovery and without the

23  benefit of any of Mr. Noble's documents or medical records (and before pleading errors and

24  standing issues are addressed by the court), Defendants should not be required to acquiesce and

25  take the deposition on the dates requested. Levine Dec. ¶ 25.

26  ///

27  ///

28  ///

1     **C.**    **Plaintiffs request is unreasonable and prejudicial.**

2       Plaintiff's request to shorten time is unreasonable, was made without any "good faith"

3 meet and confer and lacks good cause and should therefore be denied.

4 DATED: February 12, 2008              SEYFARTH SHAW LLP

5

6                               By _/s/ Adrienne E. Nelson_

7                                  Adrienne E. Nelson
                          Attorneys for Defendants

8                           KIEWIT PACIFIC CO., PETER KIEWIT
                          SONS', INC. HEALTH AND WELFARE

9                           PLAN, PETER KIEWIT SONS', INC,
                          JOHN JANSEN, MICHAEL PHELPS and

10                           JANE SEWELL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR MOTION FOR
EXPEDITED DEPOSITION OF RICHARD NOBLE / Case No. C09-00666-SI