IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. NOBLE and CHARLENE R. NOBLE,<br>            Plaintiffs,<br>   v.<br>KIEWIT PACIFIC CO., et al.,<br>            Defendants.<br>                                                          / | No. C 08-00666 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SHORTEN TIME AND PLAINTIFFS' MOTION TO EXPEDITE THE DEPOSITION OF RICHARD NOBLE** |

      Plaintiffs filed this action on January 28, 2008. On February 8, 2008, plaintiffs filed a motion to expedite the deposition of plaintiff Richard Noble, who is dying of cancer, as well as a motion to shorten the time in which to hear the motion to expedite. On February 12, 2008, certain defendants filed an opposition to both motions. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiffs' motion to expedite and plaintiffs' motion to shorten time.

      This Court may grant a motion to shorten time where the moving party identifies "the substantial harm or prejudice that would occur if the Court did not change the time." Civ. Local Rule 6-3(a)(3). Here, plaintiffs argue that the motion to shorten time should be granted because following the usual 35-day schedule might render moot the underlying motion to expedite, should plaintiff Noble pass away or deteriorate to the point that he would no longer be coherent. The Court finds that plaintiffs would suffer substantial harm and prejudice if the Court ordered the parties to follow the normal schedule, and therefore GRANTS the motion to shorten time.

      Next, plaintiffs move for an order expediting the deposition of plaintiff Noble. The parties agree that the Court may expedite discovery where the moving party demonstrates good cause to do so. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may

1 be found where the need for expedited discovery, in consideration of the administration of justice, 2 outweighs the prejudice to the responding party." *Id.*; *see also* Fed. R. Civ. P. 26(d)(2). As stated 3 above, plaintiffs argue there is good cause to expedite Mr. Noble's deposition because his doctor has 4 asserted that he is dying, that his condition is deteriorating, and that he may soon require pain 5 medication that will decrease his level of coherency. Defendants acknowledge that Mr. Noble's 6 deposition may be "one of the most important depositions in the case," Defendants' Opposition at 3, but 7 argue that expediting the deposition would be prejudicial because defendants are unprepared to do so 8 this early in the litigation. Defendants note, for instance, that they have not yet seen many of the 9 documents on which plaintiffs rely in their complaint and have not yet received plaintiffs' initial 10 disclosures.

After considering the arguments of both parties, the Court agrees with plaintiffs that good cause supports the expediting of Mr. Noble's deposition because he is a key witness in this case and may not be available in the coming months. In order to minimize prejudice to the defendants, however, the early deposition of Mr. Noble is conditioned upon plaintiffs producing (1) any documents referenced in their complaint, (2) provider records, and (3) plaintiffs' initial disclosures. Plaintiffs shall produce such documents on or before Friday, February 15, 2008. Defendants shall depose Mr. Noble next week, on either February 20 and 21 or February 21 and 22, whichever is more convenient for the defendants. In addition, should defendants find, in the future, that a subsequent deposition of Mr. Noble is necessary, and should Mr. Noble remain coherent and available to be deposed, defendants will be entitled to one additional deposition. With these conditions, the Court GRANTS plaintiffs' motion to expedite Mr. Noble's deposition.

## CONCLUSION

For all of the foregoing reasons, the Court hereby GRANTS plaintiffs' motion to shorten time [Docket No. 6] and GRANTS plaintiffs' motion to expedite discovery [Docket No. 7].

**IT IS SO ORDERED.**

Dated: February 13, 2008

SUSAN ILLSTON
United States District Judge

2